UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE CO., <br><br>Plaintiff <br><br>v. <br><br>LISA CARRINGTON, et al., <br><br>Defendants | CASE NO. 1:13-CV-825 AWI MJS <br><br>ORDER DISMISSING DEFENDANT DONALD L. ATKINS AND CLOSING CASE IN LIGHT OF REQUEST FOR DISMISSAL <br><br>(Doc. No. 48) |

On May 29, 2013, Plaintiff filed this lawsuit for unjust enrichment, restitution, and money had and received. Between July and September, 2013, all Defendants filed an answer. On March 20, 2015, Defendants Lisa Carrington, Laura Santos, and Cheri Lueck were dismissed from this case with prejudice pursuant to a settlement. On November 11, 2015, Plaintiff filed a status report. See Doc. No. 48. In this report, Plaintiff states that the remaining Defendant, Donald L. Atkins, was discharged from bankruptcy on April 2, 2015. See id. Plaintiff then requested that the Court dismiss Donald Atkins from this case. See id. As of the date of this order, no responses to Plaintiff's status report/request for dismissal have been filed. Indeed, since November 2, there have been no further filings of any kind.

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided

in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, Defendant Atkins has filed an answer without counterclaims, and has not objected or responded to Plaintiff's requested dismissal. Given the time that has now passed, the Court will view Plaintiff's request as being an unopposed Rule 41(a)(2) motion. The Court sees no reason to deny Plaintiff's requested dismissal. See Fed. R. Civ. Pro. 41(a)(2); Smith, 263 F.3d at 975. Because Defendant Atkins is the last remaining defendant, the Court will dismiss Atkins and close this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 41(a)(2) request for dismissal of Defendant Donald L. Atkins (Doc. No. 48) is GRANTED; and

2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 1, 2015                         _____
                                                   SENIOR  DISTRICT  JUDGE